■ CELESTE M. CHEYNEY et al., Appellants, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered July 19, 1974, dismissing the complaint at the end of the case, unanimously reversed, on the law, and the case remanded for trial anew, without costs and without disbursements. Plaintiff-appellant teacher suffered injury to her hand during an endeavor to open a classroom window. The window was of a single unit type hung on pivots at each side, and was designed to be opened by tilting inward at the top and outward at the bottom when the ring on a latch at the top was engaged by a window pole and pulled. The evidence was that this window usually stuck shut when attempt was made to open it by use of the pole alone, and that, on this occasion, plaintiff, as she had done successfully at earlier times upon encountering the same condition, added to the pull on the pole by pushing outward on the window's bottom with her free hand. However, this time, the window came open with a jerk, causing a pane of glass to break and her hand to slip, resulting in severe injury thereto. Further evidence was to the effect that plaintiff and other personnel had made several complaints about this and other windows through appropriate channels, although a janitorial employee, who denied any malfunction at all, did not bring the complaint records to court with him. At the end of the entire case, the court held as a matter of law that plaintiff had been contributorily negligent. This was error. There were numerous issues of fact as to negligence and contributory negligence: did malfunction exist?; was it known or should it have been known to those responsible for proper maintenance?; was any attempt made to correct the condition?; was plaintiff contributorily negligent in essaying to open the window, with or without added hand pressure, when it failed to function?; or in not selecting the alternative of summoning assistance?; or of opening a different window? These, and other questions could well have been answered by triers of the

fact in varying ways. A new trial is indicated. Concur—Markewich, J. P., Kupferman, Lupiano, Lane and Lynch, JJ.